**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DELAWARE RIVERKEEPER NETWORK          No. 1:21-cv-01108-NLH-AMD
and MAYA K. VAN ROSSUM, the
DELAWARE RIVERKEEPER,

                                      **OPINION**

            Plaintiffs,

     v.

DELAWARE RIVER BASIN
COMMISSION and DELAWARE RIVER
PARTNERS LLC,

            Defendants.

<u>**APPEARANCES**</u>:

KACY CUMMINGS MANAHAN
DELAWARE RIVERKEEPER NETWORK
925 CANAL ST
SUITE 3701
BRISTOL, PA 19007

     *On behalf of Plaintiffs.*

KATHLEEN B. CAMPBELL
MICHAEL DILLON
DAVID ROBERT STRUWE
MANKO GOLD KATCHER & FOX LLP
401 CITY AVENUE
SUITE 901
BALA CYNWYD, PA 19004

PAUL M. HAUGE
GIBBONS. PC
ONE GATEWAY CENTER
NEWARK, NJ 07102-5310

     *On behalf of Delaware River Partners LLC.*

JOHN S STAPLETON
PETER A. MUHIC
LEVAN MUHIC STAPLETON LLC
FOUR GREENTREE CENTRE
601 RT 73 N
SUITE 303
MARLTON, NJ 08053

    *On behalf of the Delaware River Basin Commission.*

**HILLMAN**, **District Judge**

    Before the Court is Delaware Riverkeeper Network's ("DRN")
and Maya K. Van Rossum's (together, "Plaintiffs") motion to
correct the administrative record. (ECF 19).  For the reasons
expressed below, the motion will be denied.

**BACKGROUND**

    The instant matter before the Court arises out of a dispute
over a Delaware River Partners LLC ("DRP") development site in
Gloucester County, New Jersey.  (ECF 1 at 11).  The crux of the
dispute is a new project at the site, the "Dock 2 Project, a new
marine Terminal" whose construction would involve "mechanical
dredging in the Delaware River." (Id.)  Under the rules founded
in the Delaware River Basin Compact (the "Compact")[1], which
created the Delaware River Basin Commission (the "Commission")

---

[1] The Compact is a covenant entered into in 1961 by Delaware, New
Jersey, New York, the Commonwealth of Pennsylvania and the
federal government regarding the management of the water and
related resources of the Delaware River Basin. (See Compact,
available at https://www.state.nj.us/drbc/library
/documents/compact.pdf). (last visited Nov. 29, 2021).

2

to oversee the management of the Delaware River Basin, DRP

submitted an application for its project to the Commission in

early 2019.  (Id. at 13).  The Commission allowed for a notice

and comment period, during which time DRN submitted comment

letters opposing the project.  (Id.)  The Commission approved

the project on June 12, 2019 and DRN then filed a request for a

hearing to review the Commission's decision which the Commission

granted in September 2019.  (Id. at 13-14).  Prior to the

hearing, which was held virtually in May 2020, the Commission

allowed for another period of public comment.  (Id. at 14-15).

In July 2020, the hearing officer assigned to the case

recommended that the project should remain as previously

approved. (Id. at 15).  Thereafter, the parties were allowed to

submit post-hearing briefing for a period of time which

concluded on August 31, 2020. (ECF 23 at 8).  Thereafter, the

Commissioners reviewed the administrative record and the hearing

officer's recommendation and on December 9, 2020 affirmed its

June 12, 2019 determination.  (ECF 1 at 15).

        After post-hearing briefing had concluded but before the

Commission affirmed its decision, DRN and other entities

submitted numerous documents to the Commission, presumably for

consideration in rendering its final decision. (ECF 19-2 at 10-

11).  Plaintiffs appealed that decision to this Court on January

25, 2021.  (ECF 1).  In their joint discovery plan for this

case, the parties acknowledged that the case would be decided solely on the administrative record and not on the basis of other discovery.  (See ECF 13).  The Commission then filed an administrative record that did not include those submissions. (See id.) Thereafter, Plaintiffs filed the instant motion to complete the administrative record, contending that those excluded submissions are properly considered part of the administrative record and must be included for this Court's review.  Both DRN and the Commission oppose the motion (ECF 23, 24).  It is against this backdrop that the Court will commence its analysis.

## DISCUSSION

At the outset, the Court notes that the standard to be applied in reviewing Plaintiff's appeal as well as this instant motion to amend or correct the administrative record has not been laid out clearly in precedent.  Unlike many appeals of administrative orders, appeals of decisions issued by the Delaware River Commission are not governed by the Administrative Procedure Act (the "APA") but rather the Compact.  Compact at § 15.1(m); Wayne Land & Min. Grp. LLC v. Delaware River Basin Comm'n, 894 F.3d 509, 525 (3d Cir. 2018) ("By its terms, however, the Compact is not subject to the APA.").  The Compact and the regulations surrounding it make clear, though, that a decision by the Commission is subject to review by a court.

Compact at § 3.8 ("Any determination of the commission hereunder shall be subject to judicial review in any court of competent jurisdiction."); 18 C.F.R. § 401.90 ("Any party participating in a hearing conducted pursuant to the provisions of this subpart may appeal any final Commission action.")

Beyond this, though, neither the Compact nor the regulations offer guidance regarding the standards of review a court must apply with respect to the disposition of the appeal as a whole or motions such as the instant one to correct the administrative record.  That said, the parties in this matter seem to all agree that the standards employed under the APA are instructive.  (See ECF 19 (making arguments based on cases decided under the APA); ECF 22 (same); ECF 23 (same)).  Further, though not directly confronted with the issue of the proper standard, this Court has noted that other plaintiffs have premised their appeals under standards associated with the APA. Delaware Riverkeeper Network v. Delaware River Basin Comm'n, 2011 WL 3882503, at *2 (D.N.J. Sept. 2, 2011) (referencing the arbitrary and capricious standard, which is a standard under the APA); Delaware Riverkeeper Network v. Collier, 2011 WL 3882506, at *3 (D.N.J. Sept. 2, 2011) (same).  Accordingly, in the absence of a contrary standard in the Compact itself, the Court will turn to cases interpreting the APA as instructive, but not binding, authority.

In the instant motion, the Court is not faced with the task of determining whether the Commission made the right decision. It only must decide whether amending the administrative record is appropriate.  The Court will look at the contours of the caselaw under the APA for similar motions in order to frame its analysis here.  Generally, the court's review of an agency's decision is confined to the administrative record certified by the agency.  Tinicum Twp., Pa. v. U.S. Dep't of Transp., 685 F.3d 288, 294 (3d Cir. 2012) ("We confine our review to the administrative record upon which the FAA's Record of Decision was based.")  "If an agency certifies that the administrative record is full and complete, the court assumes that the agency properly designated the Administrative Record absent clear evidence to the contrary." Bintz v. Fed. Emergency Mgmt. Agency, 379 F. Supp. 3d 296, 301 (D. Del. 2018) (internal quotation marks omitted); New Jersey v. U.S. Army Corps of Engineers, 2010 WL 2771771, at *3 (D.N.J. July 13, 2010), aff'd sub nom. Delaware Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Engineers, 685 F.3d 259 (3d Cir. 2012) ("The administrative record is compiled and designated by the agency, and it is entitled to a strong presumption of regularity absent clear evidence of irregularity.")  Inquiry into the administrative process by which an agency arrived at a decision is strongly disfavored. NVE, Inc. v. Dep't of Health & Hum.

Servs., 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong

presumption against discovery into administrative proceedings

born out of the objective of preserving the integrity and

independence of the administrative process.")

However, there are some narrowly tailored carveouts through

which a party may attack an administrative record.  The

principal carveout, not at issue here, is where a party alleges

bias on the part of the agency.  Id.  Another is "where the bare

administrative record did not disclose the factors considered by

an agency or the agency's construction of the evidence in its

record[.]"  Horizons Int'l, Inc. v. Baldrige, 811 F.2d 154, 162

(3d Cir. 1987).  A party may seek to amend the administrative

record where its shows that the record omits "documents and

materials directly or indirectly considered by the agency in its

decision-making process." U.S. Army Corps of Engineers, 2010 WL

2771771 at *3.  To amend the administrative record or to get

discovery in an effort to amend the administrative record, a

party must make some threshold showing that the record is

deficient.  Id. at 4.

Plaintiffs have not made any such showing here.  Plaintiffs

contend that documents submitted to the Commission after August

31, 2020, when the record closed, should be considered because

the Commission indirectly relied on them (ECF 19 at 2-3).

Specifically, they point to letters that the Commission sent in

response to those submissions as evidence that the Commission at least indirectly considered the submissions. (ECF 19 at 10). These communications, though, simply acknowledged receipt of the submissions and specifically informed Plaintiffs that the administrative record was already closed.  (See ECF 19-6 at 2) ("The record on which the Commissioners must make their final determination on the appeal is closed.  The extensive record is currently under the Commissioners' review.")  The fact that staff at the Commission acknowledged receipt of submissions after the record had closed does not change that calculus when the staff wrote in black and white ink that the record was closed.

Plaintiffs' reliance on the fact that the administrative record included a letter from DRP counsel that was submitted on December 9, 2020 as support for the fact that the rest of the submissions should be included is equally unavailing.  (See ECF 24 at 3-4).  There, the Commissioners specifically solicited clarification from DRP regarding an issue and included DRP's responsive letter in the record because the Commissioners relied on it in reaching their decision.  (ECF 23-1 at 5).  This is quite different from the other unsolicited submissions that Plaintiffs seek to include where there is no evidence that the Commissioners relied on them directly or indirectly.  Plaintiffs have not put forth any evidence that would lead this Court to

believe that discovery into the administrative process, let

alone directly amending the administrative record, would be

appropriate in this case.[2]  See NVE, Inc., 436 F.3d at 195 ("In

the absence of even a hint of evidence that the FDA failed to

follow its own procedures for compiling the record, we will not

permit discovery.")

Where the Court is already faced with a sizeable record and

no indication on its face that it is incomplete, the Court will

not second guess the administrative record that the

Commissioners have already certified.  See id. at  196 (noting

that the outcome would be different if the record were clearly

incomplete on its face and that "the size of the record is

certainly a factor that a court should consider in deciding

whether to take the unusual step of permitting invasive

discovery into administrative decision-making"); U.S. Army Corps

of Engineers, 2010 WL 2771771 at *4 ("While the size of the

administrative record is not dispositive of whether the agency

has produced the complete administrative record, the size of the

record is a factor a court may consider when deciding whether to

supplement or expand the administrative record designated by the

agency.")  After the review of the submitted record, the Court

---

[2] To be clear, Plaintiffs do not ask for discovery into whether
the administrative record should be amended, but instead, make
that application directly.

does not find that it "lack[s] the fundamental documents that would have formed the very basis for the [Commissioners'] decisions[.]"  NVE, Inc., 436 F.3d at 195.

Plaintiffs have not put forth a scintilla of evidence of administrative bias or the absence of the factors supporting the Commissioners' decision in the administrative record.  See, e.g., Mullica v. Minnesota Life Ins. Co., 2013 WL 5429295, at *3, *5 (E.D. Pa. Sept. 27, 2013) (noting the need for a plaintiff to show bias or some evidence that the full record was not before the court before the court would inquire further). Therefore, Plaintiff's motion to complete the administrative record will be denied.

**<u>CONCLUSION</u>**

For the reasons expressed above, Plaintiff's motion to correct the administrative record (ECF 19) will be denied.

An appropriate Order will be entered.


Date: December 1, 2021          /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

10
